## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BARRY D. TURNER, II,             ) | |
|                 ) | |

BARRY D. TURNER, II,                              )
                                                  )
                    Plaintiff,                    )     CIVIL ACTION
                                                  )
v.                                                )     No. 11-2059-KHV
                                                  )
NATIONAL COUNCIL OF STATE                         )
BOARDS OF NURSING, INC., a                        )
Pennsylvania Corporation,                         )
STATE OF KANSAS by and through                    )
KANSAS STATE BOARD OF                             )
NURSING, JEANE WALSH,                             )
JANET JACOBS, BERNARD BECKER,                     )
JANE CONROY, JANICE McCART,                       )
KIMBERLY HENSLEY, JUDITH HINER,                   )
MARY CAROL POMATTO,                               )
SERENA STUTZMAN,                                  )
BRENDA MOFFITT, GARY TAYLOR                        )
and MARY BLUBAUGH,                                )
                                                  )
                    Defendants.                   )
_____)

## MEMORANDUM AND ORDER TO SHOW CAUSE

Barry D. Turner, II filed this action against the National Council of State Boards of Nursing, Inc. ("National Council"), the Kansas State Board of Nursing ("State Board") and numerous State Board officers, members and employees in their official and individual capacities.[1]  Plaintiff alleges that defendants discriminated against him on the basis of disability and failed to provide reasonable accommodations regarding application for and administration of the Kansas nursing licensing examination.  He seeks damages and injunctive relief under the Americans With Disabilities Act

---

[1]      The individual defendants are State Board President Jeane Walsh; State Board members Janet Jacobs, Bernard Becker, Jane Conroy, Janice McCart, Kimberly Hensley, Judith Hiner, Mary Carol Pomatto, Serena Stutzman and Brenda Moffitt; and State Board employees Gary Taylor and Mary Blubaugh.

("ADA"), 42 U.S.C. §§ 12101 et seq.  On April 25, 2012, the Court filed a memorandum and order which sustained the motions to dismiss all defendants except Gary Taylor, who had not been served and did not join in the motions.  Doc. #63.  This matter comes before the Court on <u>Plaintiff's Motion For Relief From Judgment</u> (Doc. #65) filed May 22, 2012.  For reasons set forth below, the Court finds that plaintiff's motion should be overruled.  The Court further orders plaintiff to show cause why the Court should not dismiss the claims against Taylor for failure to prosecute.

## **Legal Standards**

D. Kan. Rule 7.3(b) governs motions to reconsider non-dispositive orders, while Rules 59 and 60, Fed. R. Civ. P., govern motions to reconsider dispositive orders.  D. Kan. Rule 7.3; <u>Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.</u>, 748 F. Supp.2d 1261, 1264 n.3 (D. Kan. 2010) (citing <u>Fye v. Okla. Corp. Comm'n</u>, 516 F.3d 1217, 1223 n.2 (10th Cir. 2008)).  Rules 59 and 60 apply only to final orders and judgments that adjudicate all of the parties' remaining rights and liabilities. <u>Coffeyville Res. Ref. & Mktg.</u>, 748 F. Supp.2d at 1264 n.3 (citing <u>Fye</u>, 516 F.3d at 1223 n.2; <u>Raytheon Constr., Inc. v. Asarco Inc.</u>, 368 F.3d 1214, 1217 (10th Cir. 2003)).  Some uncertainty exists with respect to whether orders disposing of some but not all claims are dispositive or non-dispositive under D. Kan. Rule 7.3.  <u>A.H. ex rel. Hohe v. Knowledge Learning Corp.</u>, No. 09–2517–DJW, 2011 WL 2731757, at *2 n.12 (D. Kan. July 13, 2011) (noting disagreement whether to characterize partial summary judgment orders as dispositive or non-dispositive); <u>Coffeyville Res. Ref. & Mktg.</u>, 748 F. Supp.2d at 1264; <u>compare</u> <u>Johnson v. Simonton Bldg. Props., Inc.</u>, No. 08-2198, 2009 WL 902409, at *2 (D. Kan. Mar. 31, 2009) (order dispositive because it terminated some of plaintiff's claims) and <u>Seyler v. Burlington N. Santa Fe Corp.</u>, 121 F. Supp.2d 1352, 1355 (D. Kan. 2000) (order non-dispositive because it did not fully resolve case and could be challenged by timely motion under

D. Kan. Rule 7.3(b)).

Plaintiff argues that the order was dispositive because it disposed of all claims against all defendants except Taylor. He notes that Taylor has not been served, and therefore the Court does not have jurisdiction over him. Plaintiff asserts that the Court's ruling is thus a final appealable order and that a motion under Rule 60 is appropriate. The Court notes, however, that it has not entered judgment because plaintiff has not served Taylor. In any event, whether the Court considers plaintiff's motion as one to reconsider under D. Kan. Rule 7.3(b) or under Rules 59 or 60, the result is the same.

Under D. Kan. Rule 7.3(b), a party may seek reconsideration of a non-dispositive order based on (1) an intervening change in controlling law, (2) the availability of new evidence or (3) the need to correct clear error or prevent manifest injustice. D. Kan. Rule 7.3(b). A motion to reconsider is only appropriate where the Court has obviously misapprehended a party's position, the facts or applicable law, or where the party produces new evidence that it could not have obtained earlier through the exercise of due diligence. Comeau v. Rupp, 810 F. Supp. 1172, 1174-75 (D. Kan. 1992). A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments or to dress up arguments that previously failed. Voelkel v. Gen. Motors Corp., 846 F. Supp. 1482, 1483 (D. Kan. 1994). A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider. Cline v. S. Star Cent. Gas Pipeline, Inc., 370 F. Supp.2d 1130, 1132 (D. Kan. 2005). Whether to grant a motion to reconsider is left to the Court's discretion.

Rule 59, Fed. R. Civ. P., governs altering or amending a final judgment; Rule 60, Fed. R. Civ. P., provides grounds for relief from final orders or judgments. Both rules apply only to final orders and judgments that adjudicate all of the parties' remaining rights and liabilities. Coffeyville Res. Ref. &

Mktg., 748 F. Supp.2d at 1264 n.3 (citing Fye, 516 F.3d at 1223 n.2; Raytheon Constr., 368 F.3d at 1217).

Reconsideration under Rule 59 "should be granted only to correct manifest errors of law or to present newly discovered evidence." Adams v. Reliance Standard Life Ins. Co., 225 F.3d 1179, 1186 (10th Cir. 2000).

Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances. Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., Inc., 909 F.2d 1437, 1440 (10th Cir. 1990). A Rule 60(b) motion is not intended to be a substitute for a direct appeal. See Cashner v. Freedom Stores, Inc., 98 F.3d 572, 576 (10th Cir. 1996). Under Rule 60(b)(1), the Court may grant relief from a judgment or order for mistake, inadvertence, surprise or excusable neglect. Ordinarily, the "mistake" provision in Rule 60(b)(1) provides for reconsideration of judgments only where (1) a party has made an excusable litigation mistake or an attorney in the litigation has acted without authority from a party, or (2) the court has made a substantive mistake of law or fact in the final judgment or order. Yapp v. Excel Corp., 186 F.3d 1222, 1231 (10th Cir. 1999).

## ANALYSIS

The Court set forth the factual allegations of the complaint in ruling on the motions to dismiss, and the Court incorporates that recitation by reference. See Memorandum And Order (Doc. # 63) at 3-7.

### I. Conversion To Summary Judgment

Plaintiff asks the Court to reconsider defendants' motions to dismiss as motions for summary judgment under Rule 56, Fed. R. Civ. P., arguing that the Court committed clear error by considering evidence outside of the complaint. See GFF Corp. v. Associated Wholesale Grocers, 130 F.3d 1381, 1384 (10th Cir. 1997) (failure to exclude evidence outside pleadings reversible error unless dismissal

-4-

justified without reliance on such evidence).  The Court generally converts a motion to dismiss to a motion for summary judgment if it considers evidence outside the pleadings.  <u>Id.</u>  Conversion to summary judgment allows the non-moving party to respond to such evidence.  <u>Id.</u> at 1384-85.

Plaintiff points to the exhibits that National Council attached to its motion (Doc. #29), but does not argue the Court relied on them.  National Council invited the Court to consider its evidence under Rule 56 if necessary.  The Court declined to do so.

Plaintiff also claims the Court made factual determinations when it declined to read into plaintiff's amended complaint a Fourteenth Amendment equal protection claim.  Because equal protection laws based on disability are not subject to heightened scrutiny, the Court must uphold differential treatment to an equal protection challenge "if there is any reasonably conceivable state of facts that could provide a rational basis for the classification."  <u>Memorandum And Order</u> (Doc. #63) at 20 (quoting <u>Heller v. Doe ex rel. Doe</u>, 509 U.S. 312, 320 (1993)).  The Court hypothesized that a restriction on nursing licenses could meet legitimate public safety and health concerns.  <u>Memorandum And Order</u> (Doc. #63) at 20.  That observation was not a finding of disputed fact; rather, it explained how plaintiff had failed to plead a plausible equal protection claim.  <u>See</u> <u>Robbins v. Oklahoma</u>, 519 F.3d 1242, 1253 (10th Cir. 2008).

## II.    Plaintiff's Claim For Injunctive Relief Against The State Board Members And Employees In Their Official Capacities – Ex Parte Young

Plaintiff sought declaratory and injunctive relief against the defendants in their official capacities.  Before analyzing plaintiff's claims, the Court first determined whether defendants were entitled to immunity under <u>Ex parte Young</u>, 209 U.S. 123, 168 (1908).  In <u>Ex parte Young</u>, the Supreme Court carved out an exception to Eleventh Amendment immunity for suits against state officials seeking to enjoin ongoing violations of federal law.  <u>Id.</u> at 168; <u>see</u> <u>Crowe & Dunlevy, P.C. v. Stidham</u>, 640 F.3d

1140, 1154 (10th Cir. 2011).  To fall within the exception, plaintiff must seek (1) prospective relief (2) from a state official (3) to enjoin an ongoing violation of federal law.  <u>Memorandum And Order</u> at 26-27 (citing <u>P.R. Aqueduct v. Metcalf & Eddy, Inc.</u>, 506 U.S. 139, 146 (1993); <u>Johns v. Stewart</u>, 57 F.3d 1544, 1552 (10th Cir. 1995); <u>Clark v. Stovall</u>, 158 F.Supp.2d 1215, 1221 (D. Kan. 2001)).

Before plaintiff filed his amended complaint, his counsel emailed the magistrate judge to inform him that plaintiff had decided not to re-take the licensing test.  The Court referenced the email in conjunction with the amended complaint, finding that the issue of injunctive relief was moot because plaintiff did not seek to re-take the examination with or without reasonable accommodations.  Doc. #63 at 28.  The email was consistent with the amended complaint, which did not allege *ongoing* violations of federal law.  The Court therefore found that plaintiff failed to meet the "prospective relief" and "ongoing violation" requirements of <u>Ex parte Young</u>, and dismissed the claims against defendants in their official capacities.  <u>Id.</u> at 27-28.

Plaintiff argues that the reference to the email was an improper factual finding on a motion to dismiss.  He concedes that his email reflected his then-current lack of intent to re-take the exam, but argues that it did not reflect his future intent on that issue.[2]  <u>Plaintiff's Motion For Relief From Judgment</u> (Doc. #65) at 6.  A motion to dismiss under <u>Ex parte Young</u> falls within Rule 12(b)(1), Fed. R. Civ. P., because it attacks subject matter jurisdiction.  <u>See</u> <u>Muscogee (Creek) Nation v. Pruitt</u>, 669 F.3d 1159, 1167-68 (10th Cir. 2012).  A court has wide discretion to rely on affidavits, documents and evidentiary hearings to resolve jurisdictional facts without conversion to a Rule 56 motion.  <u>Holt v. U.S.</u>, 46 F.3d 1000, 1003 (10th Cir. 1995); <u>Wheeler v. Hurdman</u>, 825 F.2d 257, 259 n.5 (10th Cir. 1987).  Reference

---

[2]       Plaintiff now states that he "remains desirous of a career in nursing with a nursing license." Doc. #65 at 6.  Plaintiff does not specify when he plans to re-take the examination.

to the email was therefore proper and non-prejudicial to plaintiff.  Furthermore, plaintiff's change of heart on whether to retake the licensing test does not constitute a change of circumstance which warrants reconsideration.

Finally, plaintiff suggests that the Court erroneously analyzed Ex parte Young jurisdiction under the plausibility standard set forth in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  See Pruitt, 669 F.3d at 1167-68 (applying plausibility standard to determine Ex parte Young jurisdiction reversible error).  However, plaintiff does not cite any relevant  part of the order which references Twombly or applies a plausibility standard.  Indeed, the Court properly analyzed defendants' Eleventh Amendment immunity under Ex parte Young.  See Memorandum and Order at 26-28.

### III.    Constitutional Standing

Plaintiff argues that the Court erred in finding that he lacked standing to sue National Council. To establish standing, plaintiff must allege as follows:

> (1) [he] has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical;
> (2) the injury is fairly traceable to the challenged action of the defendant; and
> (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180-81 (2000).  In its memorandum and order, the Court agreed with National Council that plaintiff failed to allege a causal link between its actions and any harm to plaintiff.  Doc. #63 at 32.  Plaintiff claims that the Court violated Twombly by accepting National Council's statement of facts over his own.  In quoting National Council, however, the Court merely pointed out defects in plaintiff's complaint.[3]  National Council did

---

[3]        The Court noted as follows:

(continued...)

not introduce, nor did the Court accept, any new facts.

Finally, plaintiff argues that the Court's order does not comply with recent Tenth Circuit authority on constitutional standing.  Plaintiff cites Consumer Data Indus. Assoc. v. King, 678 F.3d 898 (10th Cir. 2012), a case decided two weeks after this Court's order, and implies that it is an intervening change in controlling law warranting reconsideration.[4]  In King, plaintiff challenged a state law on federal supremacy grounds, seeking declaratory and injunctive relief to prevent New Mexico's Attorney General from enforcing the state law.  678 F.3d at 901.  The district court found that plaintiff lacked standing because a favorable judgment would only partially relieve it of liability; it would still be subject to suits from private citizens.  Id. at 901-02.  Reversing, the court of appeals found that a suit need not redress every injury, but merely an injury.  Id. at 905 (citing Massachusetts v. EPA, 549 U.S. 497, 526 (2007)).  To the extent plaintiff argues that King disturbs the relevant controlling law, the Court is unconvinced.  King addresses the third prong of constitutional standing, redressability, while plaintiff in the case at bar failed to allege a causal link between defendant's alleged conduct and any harm to

---

[3](...continued)
> Plaintiff does not allege that the asserted problems in the administration of the test to him in May 2009 are in any way related to, or caused by, the alleged general flaws in the CAT format related to candidates with test anxiety, in general, or to his asserted disability, in particular.  Nor does he allege that he failed the May 2009 examination because of any asserted problems in its administration or its CAT format.  He even fails to allege that the asserted CAT format flaws cause candidates, with claimed test anxiety, to fail disproportionately the exam because of their test anxiety rather than their lack of knowledge, skills and ability.  In sum, the Amended Complaint is completely devoid of any assertion that [the National Council's] alleged failure to provide an alternative format for the NCLEX-RN Examination caused him any harm.

Memorandum And Order (Doc. #63) at 31-32 (quoting Defendant National Council Of State Boards Of Nursing, Inc.'s Memorandum Of Law In Support Of Its Motion To Dismiss (Doc. #29) at 6)).

[4]     It is unclear whether plaintiff argues that King is an intervening change in controlling law or whether he merely believes the Court misapplied the test for constitutional standing.

plaintiff.  Plaintiff's argument that <u>King</u> warrants reconsideration of his case is unavailing.

Based on the foregoing, the Court finds that plaintiff is not entitled to relief from the ruling in its <u>Memorandum and Order</u> dated April 24, 2012.

**IT IS THEREFORE ORDERED** that <u>Plaintiff's Motion For Relief From Judgment</u> (Doc. #65) filed May 22, 2012 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED that plaintiff show cause in writing, no later than January 22, 2013, why the Court should not dismiss his remaining claims against defendant Gary Taylor for failure to prosecute**.

Dated this 10th day of January, 2013 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge